# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL COEN,<br><br>    Plaintiff,<br><br>    v.<br><br>C. CHEN, M.D., et al.,<br><br>    Defendants. | Case No.  1:15-cv-01529-BAM-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).[1]  Currently before the Court is Plaintiff's complaint, filed on October 8, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on October 26, 2015. (ECF No. 5.)

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against Defendant C. Chen, M.D., a CDCR employee at Kern Valley, and Does 1-40.  Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, and that Defendant Chen retaliated against Plaintiff for filing an inmate grievance in violation of the First Amendment.

Plaintiff alleges that on September 19, 2012, he underwent a liver biopsy, which revealed that he had "genotype 1, stage 1 HCV." (ECF No. 1 p. 3.)  Regarding an unrelated condition, on September 24, 2012, Defendant Chen removed Plaintiff from ADA status for his chronic back

pain. Plaintiff filed an inmate grievance regarding his removal from ADA status. Plaintiff's liver biopsy results were reviewed on October 9, 2012. Treatment for Plaintiff's HCV was denied.

Plaintiff did not seek further treatment until February 24, 2014, when he submitted a Health Care Services Request Form. Plaintiff alleges that he was seen by "one of the defendants," and treatment was denied. (Id.) On March 4, 2014, Plaintiff submitted another request, indicating that his symptoms were worsening. Plaintiff stated that the 2012 liver biopsy showed scarring, which was a symptom of fibrosis, and a precursor to cirrhosis of the liver. Plaintiff alleges that he was seen by one of the unidentified defendants and denied treatment.

On May 23, 2014, Plaintiff submitted another health care request, asking that he be allowed to pay for his own HCV treatments. Plaintiff was subsequently seen by one of the unidentified defendants. Plaintiff's request to pay for his treatment was denied. Plaintiff submitted another health care request on July 30, 2014, seeking treatment for his HCV. Plaintiff was again denied treatment by an unidentified defendant.

On October 24, 2014, in response to complaints of abdominal pain, Plaintiff underwent an x-ray. On February 6, 2015, Plaintiff received an "in depth review of his medical history, current symptoms, and tests. Plaintiff's Fibrosis (FIB) 4 score was .47. Based upon this, he was denied treatment for his HCV." (Id. p. 4.)

On March 20, 2015, Plaintiff was seen by Dr. Chen regarding his inmate grievance concerning his HCV. Dr. Chen told Plaintiff that due to the state of his HCV, he was ineligible for treatment. Plaintiff informed Dr. Chen that recent studies and new treatments made him eligible for treatment. Dr. Chen disagreed, and denied Plaintiff treatment for his HCV.

On April 7, 2015, at a follow up appointment with an unidentified doctor, Plaintiff requested treatment for his HCV. Plaintiff specifically requested a particular medication. The doctor characterized Plaintiff as asymptomatic, and ordered laboratory tests. The test results were unchanged, and Plaintiff was denied treatment. Plaintiff was seen on June 8, 2015, and August 17, 2015, and again denied treatment.

Regarding his claim that Defendant Chen retaliated against him for filing a grievance,

1 Plaintiff alleges that during an appointment with Dr. Chen in 2015, he got into an argument with
2 Dr. Chen over his treatment for HCV.  Dr. Chen told Plaintiff that if he was unhappy about the
3 course of his treatment, he could "file another appeal on me." (Id. p. 5.)   Plaintiff asked Dr.
4 Chen "what appeal?" and Dr. Chen referred to the previous grievance from 2012 that challenged
5 Dr. Chen's removal of Plaintiff from ADA status related to his back pain.  Plaintiff alleges that
6 Dr. Chen's refusal to treat Plaintiff's HCV is in retaliation for filing the grievance regarding his
7 removal from ADA status.

## III.

## DISCUSSION

### A. Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012),  overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).   The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled on other grounds, Peralta, 744 F.3d at 1082-83.; Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his]

4

Case 1:15-cv-01529-BAM   Document 7   Filed 06/07/16   Page 5 of 8

health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332 ) (internal quotation marks omitted).

Here, Plaintiff has failed to allege facts that state a claim for relief under the Eighth Amendment. Plaintiff's central claim is that he was denied treatment for HCV. While Plaintiff has alleged that he suffers from an objectively serious medical condition, he has not alleged any facts indicating that Dr. Chen was deliberately indifferent to his HCV. Plaintiff alleges that Dr. Chen told him that, based upon his medical history, he was ineligible for treatment. Plaintiff alleges in his complaint that he contracted HCV in 2001. (ECF No. 1 p. 3.) That Dr. Chen, in his professional medical opinion, denied Plaintiff's request for a specific treatment in 2014 because of his medical condition, does not subject him to liability. As noted, a difference of opinion between a physician and a prisoner regarding what medical care is appropriate does not amount to deliberate indifference.

In order to state a claim for relief against Dr. Chen, Plaintiff must allege some facts indicating that Dr. Chen's decision to deny Plaintiff the treatment he sought was medically unacceptable under the circumstances and in disregard of an excessive risk to Plaintiff's health. Plaintiff alleges facts indicating that Dr. Chen's decision was based on Plaintiff's medical history, and Dr. Chen's professional medical opinion. Plaintiff fails to allege any facts, other than his subjective belief, from which Dr. Chen would know that his decision was medically unacceptable under the circumstances. Plaintiff's Eighth Amendment claim should therefore be dismissed for Plaintiff's failure to state a claim upon which relief could be granted.

**B.   Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or petition the government may support a section 1983 claim. Silva v. DiVittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

5

1 inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a
2 legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) ;
3 accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 F.3d at 1104;
4 Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

5     Plaintiff fails to state a claim for relief.  Plaintiff concludes that because Dr. Chen was
6 aware of Plaintiff's grievance filed in 2012, his decision to deny Plaintiff the treatment he
7 sought was in retaliation for the grievance filed by Plaintiff.  Plaintiff's conclusory allegation is
8 unsupported by any facts.  The facts alleged indicate that the 2012 grievance concerned an
9 unrelated decision to remove Plaintiff from ADA status due to back pain.  Further, as noted
10 above, Plaintiff has alleged facts indicating that the decision to deny Plaintiff the treatment he
11 sought was based on Dr. Chen's opinion (after review of Plaintiff's laboratory tests and medical
12 history) that Plaintiff was medically ineligible for the treatment.  A bare allegation that Plaintiff
13 filed a grievance against Dr. Chen, and that, over one year later, Dr. Chen made a medical
14 decision that Plaintiff disagreed with, does not state a claim for retaliation.  Plaintiff must allege
15 some fact indicating that Dr. Chen took adverse action against Plaintiff in response to Plaintiff's
16 exercise of his First Amendment rights.  Plaintiff has not done so here.  Plaintiff's retaliation
17 claim should therefore be dismissed for failure to state a claim upon which relief could be
18 granted.

19     **C.**    **Doe Defendants**

20     Plaintiff names 40 Doe Defendants.  The Federal Rules of Civil Procedure include no
21 provision "permitting the use of fictitious defendants."  McMillan v. Department of Interior, 907
22 F. Supp. 322, 328 (D. Nev. 1995), aff'd, 87 F.3d 1320 (9th Cir. 1996), cert. denied , 519 U.S.
23 1132 (1997).  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."
24 Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).   Where "a plaintiff does not know the
25 identity of a defendant prior to the filing of a complaint, he 'should be given an opportunity
26 through discovery to identify the unknown defendants . . ."  Crowley v. Bannister, 734 F.3d 967,
27 968 (9th Cir. 2013) (quoting Gillespie, 629 F.2d at 642.

28     However, Plaintiff has not linked each individual Doe Defendant with conduct that

1  constitutes a deprivation of Plaintiff's rights.   Section 1983 provides a cause of action for the
2  violation of Plaintiff's constitutional or other federal rights by persons acting under color of state
3  law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles,
4  442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).
5  "Section 1983 is not itself a source of substantive rights, but merely provides a method for
6  vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of
7  State, 678 F.3d 730, 734 (9th Cir. 2012)(citing Graham v. Connor, 490 U.S. 386, 393-94
8  (1989))(internal quotation marks omitted).   To state a claim, Plaintiff must allege facts
9  demonstrating the existence of a link, or causal connection, between each defendant's actions or
10 omissions and a violation of his federal rights.  Lemire v. California Dep't of Corr. and Rehab.,
11 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).
12 In order to serve the Doe Defendants, Plaintiff must identify each Defendant by name, and allege
13 specific conduct as to that Defendant that constitutes a violation of Plaintiff's rights.   Plaintiff
14 has not done so here.  The Doe Defendants should therefore be dismissed.

## IV.

## CONCLUSION AND ORDER

17       For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may
18 be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll
19 v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff may not change the nature of this
20 suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605,
21 607 (7th Cir. 2007)(no "buckshot" complaints).

22       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
23 each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.
24 Iqbal, 556 U.S. 662, 678.   "The inquiry into causation must be individualized and focus on the
25 duties and responsibilities of each individual defendant whose acts or omissions are alleged to
26 have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
27 Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief
28 above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed October 8, 2105, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **June 6, 2016**         /s/ Barbara A. McAuliffe    
                                UNITED STATES MAGISTRATE JUDGE