1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MICHAEL COEN, | Case No.  1:15-cv-01529-BAM-PC |
| 12                 Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON |
| 13            v. | WHICH RELIEF COULD BE GRANTED AND FOR FAILURE TO OBEY A COURT |
| 14  C. CHEN, | ORDER |
| 15                 Defendant. | (ECF NO. 7) |
| 16 | |

17

18      Plaintiff Michael Coen is appearing pro se and in forma pauperis in this civil rights action

19  pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction. (ECF No.

20  5.)  On June 7, 2016, the Court dismissed Plaintiff's October 8, 2015, complaint with leave to

21  amend within thirty days.  (ECF No. 7.)   Plaintiff failed to file an amended complaint within the

22  thirty days, and on  July 18, 2016, an order to show cause was entered, directing Plaintiff to show

23  cause, within thirty days, why this action should not be dismissed for failure to state a claim and

24  failure to prosecute. (ECF No. 8.)   The thirty day period has passed, and Plaintiff has not

25  responded to the order to show cause.

26      Local Rule 110 provides that "[f]ailure . . . of a party to comply with these rules or with

27  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

28  within the inherent power of the Court."  District courts have the inherent power to control their

1  dockets and "[i]n the exercise of that power they may impose sanctions including, where

2  appropriate, . . . dismissal." <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986).  A

3  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

4  failure to obey a court order, or failure to comply with local rules.  <u>See</u>, <u>e.g.</u>, <u>Ghazali v. Moran</u>,

5  46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v.</u>

6  <u>Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

7  requiring amendment of complaint); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130-33 (9th

8  Cir. 1987) (dismissal for failure to comply with court order).

9      In determining whether to dismiss an action, the Court must consider several factors: (1)

10  the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

11  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

12  cases on their merits; and (5) the availability of less drastic sanctions.  <u>Henderson v. Duncan</u>, 779

13  F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988).

14      The Court finds that the public's interest in expeditiously resolving this litigation and the

15  Court's interest in managing the docket weigh in favor of dismissal.  This action has been

16  pending since October 8, 2015.  Plaintiff has made no attempt to contact the Court or otherwise

17  comply with the Court's June 7, 2016, order of the July 18, 2016, order to show cause.  The

18  Court cannot hold this case in abeyance awaiting such compliance by Plaintiff.  The third factor,

19  risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury

20  arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air</u>

21  <u>West</u>, 542 F.2d 522, 524 (9th Cir. 1976).   The fourth factor – public policy favoring disposition

22  of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed

23  herein.  Finally, the Court's warning to a party that a failure to obey the court's order will result

24  in dismissal satisfies the "considerations of the alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at

25  1262; <u>Malone</u>, 833 F. 2d at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's June 7, 2016,

26  order dismissing Plaintiff's complaint expressly stated, "If Plaintiff fails to comply with this

27  order, the Court will dismiss this action for failure to obey a court order and for failure to state a

28  claim." (ECF No. 7 at 8:14.)   Thus, Plaintiff had adequate warning that dismissal could result

1  from his noncompliance with the Court's order.

2         Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. §1915(e)(2)(B)(ii), this action

3  is HEREBY DISMISSED based on Plaintiff's failure to state any claim upon which relief could

4  be granted, failure to obey a court, order, and failure to prosecute.  The Clerk is directed to close

5  this case.

6

7  IT IS SO ORDERED.

8     Dated:   **August 31, 2016**                     /s/ *Barbara A. McAuliffe*

9                                             UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28